1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

BICENTENNIAL POUTOA,

Defendant.

Case No.:  3:16-cr-00875-JAH-8

**ORDER GRANTING EMERGENCY MOTION FOR COMPASSIONATE RELEASE**

Presently before the Court is Bicentennial Poutoa's Emergency Motion for Compassionate Release. ("Mot.," ECF No. 808). Poutoa seeks to terminate the remainder of her custodial sentence to participate in a culturally significant period of mourning, and to help plan and attend her brother's funeral. Poutoa is currently set to be released from BOP custody on June 13, 2024.

**LEGAL STANDARD**

Under section 3582, as amended by the First Step Act, a court may modify a defendant's sentence "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Upon such a motion, a court may modify a defendant's sentence "after considering the factors set forth

1

1   in § 3553(a) to the extent applicable" if it finds "extraordinary and compelling reasons

2   warrant such a reduction" and "such a reduction is consistent with applicable policy

3   statements issued by the Sentencing Commission." *Id*. The relevant Sentencing

4   Commission policy statement sets forth several "extraordinary and compelling reasons."

5   U.S.S.G. § 1B1.13(1)(A) & cmt. 1.[1]

**DISCUSSION**

6

7   *A. Administrative Exhaustion*

8   Poutoa fails to address the exhaustion of administrative remedies altogether, which

9   this Court has previously determined is mandatory under section 3582. *See United States

10  v. Otero*, 2020 WL 1912216 (Apr. 20, 2020). However, it is clear in this matter that

11  exhaustion of administrative remedies for Poutoa would be futile in light of the time

12  remaining on her custodial sentence. *See United States v. Arreola-Bretado*, 445 F.Supp.3d

13  1154, 1156-57 (S.D. Cal. May 15, 2020); *see also* United States v. Gonzalez, 451

14  F.Supp.3d 1194, 1196 (E.D. Wash. Mar. 31, 2020); *United States v. Ben-Yhwh*, 453

15  F.Supp.3d, 1324, 1329 (D. Haw. Apr. 13, 2020).

16  *B. Extraordinary and Compelling Circumstances*

17  Although section 3582(c)(1)(A) does not define "extraordinary and compelling

18  circumstances," the U.S. Sentencing Commission has identified four categories of

19  situations that *may* qualify: serious medical conditions, advanced age, family

20  circumstances, and a catch-all "other reasons." U.S.S.G. 1B1.13, application note 1(C).

21  However, as noted by Poutoa, "a court is vested with the discretion to determine whether

22  extraordinary and compelling reasons exist beyond those specifically delineated in

23  U.S.S.G. 1B1.13[.]" *United States v. Alvarado*, 569 F.Supp.3d 1039, 1049 (S.D. Cal. Oct.

24  29, 2021). The Court finds that the death of Poutoa's brother and the importance of

25

26

27

28  [1]   The Court notes that the policy statement is merely informative. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

1  participating in the culturally significant period of mourning and planning the funeral

2  ceremony constitute extraordinary and compelling circumstances.[2]

3  ### C. Factors Under 3553

4  Where extraordinary and compelling reasons exist, the district court must consider

5  section 3553(a), which provides that the sentencing court must impose a sentence that is

6  "sufficient, but not greater than necessary, . . . (A) to reflect the seriousness of the offense,

7  to promote respect for the law, and to provide just punishment for the offense; (B) to afford

8  adequate deterrence to criminal conduct; (C) to protect the public from further crimes of

9  the defendant; and (D) to provide the defendant with needed educational or vocational

10  training, medical care, or other correctional treatment in the most effective manner[.]"

11  18 U.S.C. § 3553(a)(2)(A)-(D).  The sentencing court is also directed to consider, among

12  other factors, "the nature and circumstances of the offense and the history and

13  characteristics of the defendant" and the "need to avoid unwarranted sentence disparities

14  among defendants with similar records who have been found guilty of similar conduct[.]"

15  *Id*. § 3553(a)(1), (6).

16  On January 23, 2017, Defendant pled guilty to an indictment charging her with

17  possession with intent to distribute five grams or more of methamphetamine, in violation

18  of Title 21, United States Code, Section 841(a)(1), and Title 19, United States Code,

19  Section 2.  ("Plea Agreement," ECF No. 269).  On January 23, 2017, this Court sentenced

20  Defendant to 110-months in custody, and four years of supervised release.  (ECF Nos. 382,

21  388).  Poutoa was released from custody on April 6, 2023, and arrested for violations of

22  her supervised release on February 13, 2024.  Defendant admitted to changing her

23  residence without notifying the Probation Officer.  (ECF No. 796).

24  The Court acknowledges Poutoa's troubling history of non-compliance on

25  supervised release and her admitted gang-affiliation at the time of her original sentence.

26

27

28  [2]   Contributing to the extraordinary nature of this matter is that Poutoa has less than two weeks remaining on her custodial sentence.

3

However, it cuts in her favor that she has ten days remaining in BOP custody and that her conduct has resulted in missing the opportunity to "be by her brother's bedside during his dying moments," [Mot. at 6], support her mother and siblings during those crucial moments immediately after his death, and to share the weight of loss with her family. As such, the Court determines that a reduction in Poutoa's sentence comports with the factors set forth in section 3553, and reflects an adequate deterring factor in light of the circumstances. The Court cautions Poutoa that although this Order extends a wide latitude to allow her to re-join her family, it is not carte blanche to continue on a path of non-compliance.

Accordingly, IT IS HEREBY ORDERED:

1. Bicentennial Poutoa's Emergency Motion for Compassionate Release is **GRANTED**.

2. Poutoa's custodial sentence is reduced to a TIME SERVED sentence as of the date of this Order, with 24-months supervised release under the same terms and conditions imposed in the Judgement filed on April 3, 2024.

**IT IS SO ORDERED.**

DATED: June 3, 2024

JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

3:16-cr-00875-JAH-8